IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ROSANN CONRAN, and**
**CAROL FEINER**

        **Plaintiffs,**

vs.                                                                                  No. CIV 00-0703 LCS-ACE

**BEN BOLDT, MESILLA PLAZA**
**TRUST, MERCADO DE LA MESILLA**
**TRUST, and THE BOLDT FAMILY**
**TRUST,**

        **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss for Lack of Diversity Jurisdiction (Doc. 7), filed June 27, 2000. The United States Magistrate Judge, presiding with consent and designation pursuant 28 U.S.C. § 636(c), has considered the pleadings, memoranda, arguments of counsel, relevant law, and being otherwise fully advised, finds that this Motion is well-taken and should be **GRANTED**.

**I.      Background.**

Plaintiff Rosann Conran is a resident and citizen of Connecticut. Plaintiff Carol Feiner is a resident and citizen of Massachusetts. Ben Boldt is resident and citizen of New Mexico. The trustees of the Mesilla Plaza Trust, Mercado De La Mesilla Trust, and the Boldt Family Trust are Ben Boldt, Betty J. Boldt, and Mark Jon Boldt. Mark Jon Boldt, the son of Ben Boldt, is a resident and citizen of Massachusetts. The amount in controversy is alleged to exceed $75,000.00, exclusive of interest

and costs. Diversity jurisdiction was invoked pursuant to 28 U.S.C. § 1332.

In their Complaint, Plaintiffs allege that they invested money with Defendants in about 1988 to develop real estate located in Doña Ana County, New Mexico. Plaintiffs assert that they were promised returns that never materialized and, that after two tracts of land were sold in 1998, they received none the proceeds. Plaintiffs allege claims for fraud, breach of fiduciary duties, breach of contract, breach of the covenant of good faith, and securities fraud, both state and federal. Plaintiffs seek compensatory and punitive damages, an accounting, and appointment of a receiver.

## II.   Standard for a Motion to Dismiss Under FED. R. CIV. P. 12(b)(1).

Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction generally take the form of either facial attacks on the complaint or factual attacks on the accuracy of those allegations. *See Holt v. United States*, 46 F. 3d 1000, 1002-03 (10th Cir. 1995) (*citing Ohio National Life Ins. Co. v. United States*, 922 F. 2d 320, 325 (6th Cir. 1990)). Defendant's motion falls within the latter category because it introduces evidence outside the complaint. In such event, the Tenth Circuit has set forth the following standard:

> [A] party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.

*Holt*, 46 F. 3d at 1003 (citations omitted).

## III.   Analysis

Federal courts are courts of limited jurisdiction and may only exercise jurisdiction when

2

specifically authorized to do so. *See Castaneda v. Immigration & Naturalization Serv.*, 23 F. 3d 1576, 1580 (10th Cir. 1994). The party invoking federal jurisdiction bears the burden of establishing that such jurisdiction is proper. *See Penteco Corp. v. Union Gas Sys., Inc.*, 929 F. 2d 1519, 1521 (10th Cir. 1991). The Court must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking. *See Gadlin v. Sybron Int'l Corp.*, 222 F. 3d 797, 800 (10th Cir. 2000) (*quoting Basso v. Utah Power & Light Co.*, 495 F. 2d 906, 909 (10th Cir. 1974)); FED.R.CIV.P. 12(h)(3).

Defendants contend that this Court lacks federal subject matter jurisdiction because diversity is not complete. The diversity statute provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, ... and is between ... citizens of different States." *See* 28 U.S.C. § 1332(a)(1). In order for federal jurisdiction to arise under §1332, diversity between all parties must be complete; no plaintiff may be a citizen of the same state as any defendant. *See Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 388 (1998). Both Defendant Mark Jon Boldt and Plaintiff Carol Feiner are residents and citizens of Massachusetts. Therefore, if Mark Jon Boldt is a proper party defendant, diversity is not complete and diversity jurisdiction is defeated.

Plaintiffs claim that Mark Jon Boldt is a nominal party. A nominal party has no actual interest or control over the subject matter of the litigation. *See Rose v. Giamatti*, 721 F. Supp. 906, 914 (S.D. Ohio 1989). A real party in interest is one who has the duty sought to be enforced or enjoined. *See id.* A federal court must disregard nominal parties and determine jurisdiction based solely upon the citizenship of the real parties in interest. *See id.* (*quoting Navarro Savings Ass'n*, 446 U.S. at 460-61). In ascertaining the residency of a trust, the Court looks to the state citizenship of the

3

trustees and deem the trust to reside in each state where its trustees reside. *See Navarro Savings Ass'n v. Lee*, 446 U.S. 458, 464 (1980).  A trustee is a real party in interest for diversity purposes when he possesses powers to hold manage and dispose of assets for the benefit of others. *See Navarro Savings Ass'n*, 446 U.S. at 464.  The trust documents establish that the trustees have broad powers over the property in the trusts and actively manage their assets.  Under these circumstances, the trustees are real parties in interest and their citizenship is relevant in determining complete diversity.

Plaintiffs attempt to characterize Mark Jon Boldt's capacity as a trustee as subordinate to that of his father's.  However, the trust documents do not differentiate between the three trustees, but instead provide that the trustees have equal authority.  Thus, Mark Jon Boldt status as a trustee is equal to that of Ben Boldt.  All three trustees, including Mark Jon Boldt, are real parties in interest. Diversity jurisdiction against an artificial entity depends on the citizenship of all the members. *See Carden v. Arkoma Assocs.,* 494 U.S. 185, 195 (1990).  Because both Plaintiff Carol Feiner and Defendant Mark Jon Boldt are residents and citizens of Massachusetts, diversity is not complete.

The Complaint invoked only diversity jurisdiction.  In their Response Brief, Plaintiffs seek to invoke federal question jurisdiction by virtue of their federal securities fraud claim. *See* 28 U.S.C. § 1331  Plaintiff's federal securities fraud claim cannot form the basis for federal question jurisdiction because it is not properly pled.

Federal Rule of Civil Procedure 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.  Malice, intent, knowledge, and other conditions of mind of a person may be averred generally." FED. R. CIV. P. 9(b). A complaint alleging fraud must "set forth the time, place and contents of the false representation,

4

the identity of the party making the false statements and the consequences thereof." *Koch v. Koch Industries, Inc.,* 203 F. 3d 1202, 1236 (10th Cir. 2000) (quoting *Lawrence Nat'l Bank v. Edmonds*, 924 F. 2d 176, 180 (10th Cir.1991)). The particularity requirement of Rule 9(b) applies to securities fraud claims. *See Farlow v. Peat, Marwick, Mitchell & Co.*, 956 F. 2d 982, 986 (10th Cir.1992). In addition, to state a valid federal securities fraud claim, Plaintiffs must comply with the heightened pleading requirements of the Private Securities Litigation Reform Act of 1995 (PSLRA), 15 U.S.C. § 78u-4(b) *et seq*.

The statements contained in the original Complaint in support of the federal securities fraud claim are not alleged with sufficient particularity to satisfy the pleading requirements of Rule 9(b) or the PSLRA. Plaintiffs' federal securities fraud claim should be dismissed. Therefore, the federal securities claim cannot form the basis for federal question jurisdiction. Defendants' Motion to Dismiss should be granted and this action should be dismissed for lack of federal jurisdiction.

**WHEREFORE,**

**IT IS ORDERED** that Defendants' Motion to Dismiss for Lack of Diversity Jurisdiction (Doc. 7), filed June 27, 2000, is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED,** there being no federal jurisdiction.

**IT IS FURTHER ORDERED** that Plaintiffs may file an amended complaint within thirty days from the date this Memorandum Opinion and Order is issued.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**